UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL C. MERRITT, JR., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:25-cv-00075-SRC |
| U-HAUL INTERNATIONAL, INC., | ) |
| Defendant. | ) |

**Memorandum and Order**

Michael Merritt has had several poor experiences when renting U-Haul vehicles. He submits that his U-Haul facility fraudulently imposed extra fees on him on multiple occasions and that, on one occasion, the facility's employees stole his property. Seeking to hold U-Haul International, Inc. liable for these misfortunes, Merritt filed this lawsuit, and now several motions await the Court's review.

**I.  Background**

  **A.  Factual background**

Merritt's operative complaint (filed in state court as a "petition") alleges the following. Merritt rents U-Haul vehicles for business purposes. Doc. 10 at 1 (The Court cites to page numbers as assigned by CM/ECF.). On several occasions when he rented a U-Haul vehicle, the U-Haul facility that he went to imposed unnecessary added fees without his knowledge or consent. *Id.* at 1–2. Merritt repeatedly complained about the charges, but the facility continued to impose them. *Id.*

One time, in September 2024, Merritt returned a U-Haul vehicle to the facility. *Id.* at 3. When Merritt left the facility, he realized that he had left his book bag in the vehicle. *Id.* at 3–4.

The book bag contained personal documents and a firearm. *Id.* at 4. Merritt returned to the facility five minutes later, but, when he arrived, the workers denied having the book bag. *Id.* Merritt called the police, who showed up ten minutes later. *Id.* at 5. Police performed an investigation, found Merritt's book bag, and arrested the employees on duty. *Id.* Merritt now fears for his life because one of the arrested workers threatened him. *Id.*

Merritt appears to assert four claims against U-Haul International: (1) breach of contract, (2) racial discrimination, (3) conversion, and (4) civil conspiracy. *See* doc. 10. He seeks $530,000 in damages. *Id.* at 7. He also seeks punitive damages. *Id.*

**B.     Procedural background**

Merritt filed a complaint against U-Haul International in Missouri state court in November 2024. Doc. 2-3; doc. 9. On the "SERVICE INSTRUCTIONS" page of that complaint, Merritt listed U-Haul International's address as 12060 Lusher Road in St. Louis County, Missouri. Doc. 2-3 at 7. On December 6, 2024, Merritt attempted to serve U-Haul International by leaving a copy of the summons and complaint with an individual at that address. Doc. 2-4 at 2.

Two weeks after that attempt at service, Merritt filed, still in state court, an amended complaint. Doc. 2-2; doc. 10. A week later, on December 27, 2024, Merritt attempted service on U-Haul International again, this time by delivering a copy of the summons and complaint to a registered agent of U-Haul International at an address in Maricopa County, Arizona. Doc. 2-6 at 32. On January 13, 2025, Merritt filed a Motion for Default Judgment in state court. *Id.* at 14–16; doc. 11.

On January 17, 2025, U-Haul International filed a Motion to Dismiss Plaintiff's Amended Petition for Lack of Personal Jurisdiction in state court, *see* doc. 24, and a Notice of

2

Removal in this Court, doc. 2.  Two weeks later, Merritt moved to remand the case to state court, doc. 17, and also moved to join Michael White, Marketing Company President of UHC Missouri Northeast, as an additional defendant in the case, doc. 18.  At bottom, the Motion for Default Judgment, doc. 11; Motion to Remand, doc. 17; Motion for Joinder of Defendants, doc. 18; and Motion to Dismiss Plaintiff's Amended Petition for Lack of Personal Jurisdiction, doc. 24, await the Court's review.

## II.    Standards

### A.    Post-removal joinder of non-diverse defendants

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  In such a situation, the Court must first determine whether Federal Rule of Civil Procedure 19 requires joinder of the additional defendants as "necessary and indispensable."  *See Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 308 (8th Cir. 2009).  If Rule 19 doesn't require joinder, then the Court has discretion to deny joinder or permit joinder and remand the case.  *See id.* at 308–09.

When exercising its discretion under section 1447(e), the Court must consider three factors:  (1) the extent to which the plaintiff seeks to join the nondiverse party "to defeat federal jurisdiction," (2) whether the plaintiff has delayed in seeking joinder, and (3) whether denying joinder would significantly injure the plaintiff.  *Id.* at 309 (quoting *Le Duc v. Bujake*, 777 F. Supp. 10, 12 (E.D. Mo. 1991)).  The Court should weigh these factors "to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits."  *Id.* (quoting *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)).

3

B.     **Motion to dismiss for lack of personal jurisdiction**

Under Federal Rule of Civil Procedure 12(b)(2), a defendant can move to dismiss a claim for "lack of personal jurisdiction." Under Rule 4(k)(1), "[s]erving a summons or filing a waiver of service establishes personal jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." In other words, "[f]ederal courts apply the long-arm statute of the forum state to determine the existence of personal jurisdiction over the parties." *Kaliannan v. Liang*, 2 F.4th 727, 733 (8th Cir. 2021) (quoting *Whaley v. Esebag*, 946 F.3d 447, 451 (8th Cir. 2020)).

Missouri's long-arm statute states, in relevant part:

> Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:
>
> (1)  The transaction of any business within this state;
> (2)  The making of any contract within this state;
> (3)  The commission of a tortious act within this state;
> (4)  The ownership, use, or possession of any real estate situated in this state;
> (5)  The contracting to insure any person, property or risk located within this state at the time of contracting;
> (6)  Engaging in an act of sexual intercourse within this state with the mother of a child on or near the probable period of conception of that child.

Mo. Rev. Stat. § 506.500.1.

Exercising personal jurisdiction must also comport with due process. "The relevant conduct and connections for the due process analysis depend on whether personal jurisdiction is alleged to be general or specific." *Brothers & Sisters in Christ, LLC v. Zazzle, Inc.*, 42 F.4th 948, 951 (8th Cir. 2022). "General jurisdiction exists where a defendant is 'essentially at home' in the forum state, whereas specific jurisdiction 'covers defendants less intimately connected with a State, but only as to a narrower class of claims,' namely those that 'arise out of or relate to

4

the defendant's contacts with the forum.'" *Id.* (quoting *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021)).

"In determining whether specific jurisdiction exists," the Court considers "the totality of the circumstances." *Brothers & Sisters in Christ*, 42 F.4th at 952 (citing *Kaliannan*, 2 F.4th at 733). Five factors bear relevance: "(1) the nature and quality of [defendant's] contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties." *Id.* (alteration in original) (quoting *Whaley*, 946 F.3d at 452).

"To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that personal jurisdiction exists, which is accomplished by pleading sufficient facts 'to support a reasonable inference that the defendant[] can be subjected to jurisdiction within the state.'" *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591–92 (8th Cir. 2011) (alteration in original) (quoting *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004)). "Although '[t]he evidentiary showing required at the prima facie stage is minimal,' the 'showing must be tested, not by the pleadings alone, but by the affidavits and exhibits' supporting or opposing the motion." *Id.* at 592 (alteration in original) (first quoting *Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir. 2010); and then quoting *Dever*, 380 F.3d at 1072). The Court "must view the evidence in the light most favorable to the plaintiff and resolve all factual conflicts in its favor in deciding whether the plaintiff made the requisite showing." *Id.* (citing *Digi-Tel Holdings, Inc. v. Proteq Telecomms. (PTE), Ltd.*, 89 F.3d 519, 522 (8th Cir. 1996)).

5

## III. Discussion

Because the Motion for Joinder and Motion to Remand implicate the Court's subject-matter jurisdiction, the Court discusses those motions first. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998) ("Hypothetical jurisdiction produces nothing more than a hypothetical judgment—which comes to the same thing as an advisory opinion, disapproved by [the Supreme Court] from the beginning." (citations omitted)). The Court then turns to U-Haul International's Motion to Dismiss after that because the Court cannot validly enter a default judgment against a defendant over whom the Court has no personal jurisdiction. *See Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993) (holding that a district court "abused its discretion in denying [a defendant's] motion to vacate" a default judgment because "the district court did not have personal jurisdiction over" that defendant). By process of elimination, the Court saves the Motion for Default Judgment for last.

### A. Motion to Remand and Motion for Joinder

The Court considers the first two motions together because the issues that those motions present overlap. Specifically, Merritt bases his Motion to Remand on the premise that the joinder of White would destroy complete diversity, which would eliminate this Court's subject-matter jurisdiction. *See, e.g.*, doc. 17 at 4 (arguing that White's joinder "will null the argument for complete Diversity of Citizenship").

#### 1. Motion for Joinder

##### a. White is not a necessary party under Rule 19.

Rule 19 does not make White a necessary party, and not even Merritt argues that it does. *See generally* docs. 17–18, 28. For starters, the Court can "accord complete relief among existing parties," Fed. R. Civ. P. 19(a)(1)(A), without White's joinder. Merritt himself admits

6

this.  *See* doc. 32 at 4 ("Excluding . . . White . . . from the case would not prevent the plaintiff from pursuing an adequate remedy, assuming one exists.   Therefore, there is no indication that Defendant will be prejudiced if Mr. White is not joined.").  Although Merritt argues in his motion that White "took possession of the store . . . the night in question when all 3 employees on duty were arrested," doc. 18 at 4, even assuming, without deciding, that Merritt could hold White liable for the alleged conversion of Merritt's property, that wouldn't make White a necessary party.  *See, e.g.*, *Bailey*, 563 F.3d at 308 ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." (quoting *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990))).  And Merritt fails to explain how White's joinder would be necessary to any other claim, either.  *See* docs. 17–18, 28.

And Merritt has not established that White "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may" either "impair or impede" White's "ability to protect the interest" or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."  Fed. R. Civ. P. 19(a)(1)(B).  Merritt makes a conclusory statement that White, like Merritt, has "claims arising from contracts associated with Uhaul [sic] International Inc. rental agreements in St. Louis, County[,] Missouri."  Doc. 18 at 4.  But even if White *did* also have a potential breach-of-contract claim against U-Haul International, that wouldn't establish that White is a necessary party to *this* case because nothing would "impair or impede" White's "ability to protect" that potential claim in a separate lawsuit.  Fed. R. Civ. P. 19(a)(1)(B)(i).

7

### b.  The relevant factors counsel against White's joinder.

#### i.  Merritt seeks joinder to defeat subject-matter jurisdiction.

The first factor—"the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction," *Bailey*, 563 F.3d at 309 (citation omitted)—counsels against White's joinder.  The circumstances suggest that the desire to have this Court remand the case to state court motivates Merritt's request for joinder.  Most notably, Merritt admits, in the first line of his Motion for Joinder, that he seeks joinder "[i]n response to defendants' [sic] removal for reasons of Complete Diversity."  Doc. 18 at 1.  And the timing of Merritt's Motion for Joinder—which Merritt filed two weeks after removal but three months after Merritt filed the case—corroborates Merritt's own admission.  *See* doc. 2; doc. 2-3 at 7; doc. 18.  Merritt explains his delay as "a Pro Se mistake."  Doc. 32 at 2.  That may explain why Merritt waited to move for joinder, but it doesn't explain away Merritt's own subtle admission that he seeks joinder to destroy complete diversity.  *See* doc. 18 at 1.  Thus, the first *Bailey* factor counsels against White's joinder.

#### ii.  Merritt delayed in seeking joinder.

The second *Bailey* factor counsels against joinder, too.  Like the plaintiff in *Bailey*, Merritt "knew all of the involved parties before he filed the action" in early November 2024. 563 F.3d at 309; *see* doc. 18 at 2 (admitting that Merritt noticed that White "took possession of the store after the arrest" of the facility employees); doc. 10 at 5 (alleging that the arrest of the facility employees took place on September 27, 2024); doc. 2-3 at 7 (showing that Merritt filed his original complaint on November 6, 2024).  Yet Merritt waited until February 2025 to seek joinder.  *See* doc. 18.  And Merritt's pro se status doesn't rescue Merritt from the need to comply with procedural rules.  *See Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) (per curiam) ("Although pro se pleadings are to be construed liberally, pro se litigants are not excused from

8

failing to comply with substantive and procedural law." (citation omitted)). Thus, the second *Bailey* factor counsels against White's joinder.

### iii. Denying White's joinder would not significantly injure Merritt.

Finally, the third *Bailey* factor counsels against joinder. It appears that Merritt seeks to bring White into the case as a defendant because White allegedly "took possession of the store after the arrest" and "conspired" with the arrested workers to "hide evidence" from the incident. Doc. 18 at 2. Thus, it appears that Merritt seeks to hold White liable as a joint tortfeasor on Merritt's conversion claim. *See id.* To the extent that that is the case, *Bailey* shows that the third factor counsels against joinder:

> Finally, because Bailey alleged the parties were joint tortfeasors, Bailey will not be significantly injured if amendment is not allowed. Thus, the district court did not abuse its discretion in first reconsidering, and then in denying Bailey's motion to amend his complaint. Upon denying Bailey's motion, diversity jurisdiction was restored, and the district court properly denied Bailey's motion to remand.

*Bailey*, 563 F.3d at 309. Finding that all three *Bailey* factors counsel against joinder, the Court denies Merritt's Motion for Joinder. Doc. 18.

### 2. Motion to Remand

As discussed below, the Court has subject-matter jurisdiction under 28 U.S.C. § 1441, so the Court declines to remand the case to state court. Under section 1441:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). And under 28 U.S.C. § 1332(a)(1), district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." For

9

purposes of section 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

First, diversity of citizenship exists here. Merritt admits, in his disclosure statement, that he is a "citizen of Missouri." Doc. 30 at 1. And U-Haul International provides evidence that it is a Nevada corporation with its principal place of business in Phoenix, Arizona. Doc. 3 at 1.

And the case satisfies the amount-in-controversy requirement, too. The Court determines the amount in controversy "by the value to the plaintiff of the right sought to be enforced." *Am. Fam. Mut. Ins. Co. v. Vein Ctrs. for Excellence, Inc.*, 912 F.3d 1076, 1081 (8th Cir. 2019) (quoting *Federated Mut. Ins. Co. v. Moody Station & Grocery*, 821 F.3d 973, 977 (8th Cir. 2016)). Here, Merritt prayed for $500,000 in compensatory damages in his original complaint, doc. 9 at 5, and for $530,000 in compensatory damages in his operative complaint (which Merritt filed in state court, before removal), doc. 10 at 7. Upon review of Merritt's operative complaint, the Court finds that the amount in controversy exceeds $75,000, so subject-matter jurisdiction exists. Accordingly, the Court denies Merritt's Motion to Remand. Doc. 17.

### B. Motion to Dismiss

#### 1. Missouri's long-arm statute does not provide for personal jurisdiction over U-Haul International.

Merritt describes, in his complaint, a series of events that occurred at a U-Haul facility in St. Louis. *See* doc. 10. He attempts to connect his allegations to U-Haul International by alleging that U-Haul International acted "by and through its manager, staff, reps[,] and employees" at the facility. *E.g.*, *id.* at 5.

But in rebuttal, U-Haul International points to evidence that these employees were not its own. Specifically, U-Haul International has submitted the affidavit of E. Martin Fisher-Haydis,

10

the Assistant Secretary for U-Haul International.  Doc. 35 at ¶ 1.  Fisher-Haydis states that U-Haul International "is not registered to do business in Missouri," "does not have an office in Missouri," and "does not have a registered agent, an agent authorized to accept service of process, or other related contacts in Missouri."  *Id.* at ¶¶ 3–5.  He further states that U-Haul International "does not conduct business in Missouri, does not maintain a place of business in Missouri, and does not design lease, or sell equipment, products, storage space, or vehicles in Missouri."  *Id.* at ¶ 6.  He continues that U-Haul International "does not lease or own any real property in Missouri," "does not have a Missouri telephone number, mailing address, bank account, or taxpayer identification number, and it does not hold any Missouri licenses."  *Id.* at ¶¶ 7–8.  He further asserts that U-Haul International "does not have, and at all times relevant did not have, employees or agents in Missouri."  *Id.* at ¶ 9.

In response, Merritt contends that U-Haul International acted "through its wholly-owned and controlled subsidiaries" in Missouri.  Doc. 26 at 1.  He also submits an affidavit of his own.  *See* doc. 18-1.  In it, Merritt asserts that White resides in Missouri and that White made "an unacceptable offer" in a "1-on-1" with Merritt.  *Id.*  Merritt states, in his briefing, that White represented himself as an owner of U-Haul International during their one-on-one meeting.  *See* doc. 18 at 2.  Merritt further contends that he has evidence that "strongly suggests" that U-Haul International "is not a mere passive investor, but rather an active umbrella corporation that conducts its business through its captive subsidiaries' contracts from multiple . . . St. Louis County[,] Missouri subsidiaries."  Doc. 26 at 2.

But even the record in the light most favorable to Merritt, *see K-V Pharm. Co.*, 648 F.3d at 592, fails to establish that Missouri's long-arm statute subjects U-Haul International to this Court's jurisdiction in this case.  *Each* defendant must individually satisfy the requirements of

11

personal jurisdiction, and Missouri courts have held that a subsidiary's and parent corporation's contacts are not interchangeable for personal-jurisdiction purposes. *See Ingham v. Johnson & Johnson*, 608 S.W.3d 663, 696 (Mo. Ct. App. 2020); *see also State ex re. Cedar Crest Apartments, LLC v. Grate*, 577 S.W.3d 490, 495–96 (Mo. 2019). "Even a 'close, synergistic relationship' between a parent and subsidiary corporation does not transfer the subsidiary's contacts to the parent for purposes of assessing personal jurisdiction." *Ingham*, 608 S.W.3d at 696 (citation omitted).

Here, in the light most favorable to Merritt, the record *does* show that White, on behalf of U-Haul International, made a settlement offer to Merritt in Missouri. *See* doc. 18-1. But *nothing* in the record, even in the light most favorable to Merritt, allows the Court to infer that any individual *in the complaint* acted on behalf of U-Haul International during any of the events described *in the complaint*. Thus, even if Merritt *can* show that U-Haul International conducted (or at least attempted) a business "transaction" in Missouri, *see* Mo. Rev. Stat. § 506.500.1(1), when White made Merritt a settlement offer, Merritt *cannot* show that his cause of action "ar[ose] from the doing" of that business transaction, *see* Mo. Rev. Stat. § 506.500.1, or from another of U-Haul International's business transactions, *see Copeland v. WRBM, LLC*, 679 S.W.3d 30, 39 (Mo. Ct. App. 2023) ("As we have made clear, . . . the 'transaction of business' provision of the long-arm statute is to be construed broadly so that even a single transaction may confer jurisdiction. But that single transaction must be 'the transaction that gives rise to the suit.'" (quoting *Schilling v. Hum. Support Servs.*, 978 S.W.2d 368, 371 (Mo. Ct. App. 1998))).

For the same reason, Merritt has failed to make a prima facie case as to any other of the enumerated acts in the long-arm statute. *See* Mo. Rev. Stat. § 506.500.1. Accordingly, the Court lacks personal jurisdiction. *See* Fed. R. Civ. P. 4(k)(1)(A).

### 2. Merritt's request for jurisdictional discovery

Merritt obliquely requests, in his response brief to U-Haul International's Motion to Dismiss, that the Court allow him to conduct "jurisdictional discovery" before dismissing the case for lack of personal jurisdiction. Doc. 26 at 1. Liberally construing Merritt's filings, the Court construes Merritt's request as a motion. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

"[W]hen a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 598 (8th Cir. 2011) (quoting *Dever*, 380 F.3d at 1074 n.1). Here, Merritt has offered nothing more than speculation and conclusory assertions that jurisdictional discovery would lead to evidence that would justify subjecting U-Haul International to this Court's jurisdiction. *See, e.g.*, doc. 26. Thus, the Court denies Merritt's motion, and the Court grants U-Haul International's Motion to Dismiss. Doc. 24. Because the Court lacks personal jurisdiction over U-Haul International, the Court denies Merritt's Motion for Default Judgment. Doc. 11.

### IV.  Conclusion

Accordingly, the Court denies Merritt's [11] Motion for Default Judgment, [17] Motion to Remand, and [18] Motion for Joinder of Defendants. The Court grants U-Haul International's [24] Motion to Dismiss Plaintiff's Amended Petition for Lack of Personal Jurisdiction. The

Court dismisses Merritt's complaint without prejudice.  A separate order of dismissal accompanies this Memorandum and Order.

So ordered this 11th day of July 2025.

*SL R. Cl*
_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE